IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSEPH CASTILLO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 5:22-CV-00777 JKP |
| § | |
| CHO OK SANG, § | |
| § | |
| Defendant. § | |

## DEFENDANT'S RULE 26(f) REPORT

Defendant Ok Sang Cho files this report pursuant to the Court's Order of January 11, 2023. Counsel for Defendant has met in person and conferred with counsel for Plaintiff but they have been unable to jointly agree on the language of this report.

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause of action, defenses, and counterclaims pled?**

   This is a claim under Title III of the AMERICANS WITH DISABILITIES ACT. Plaintiff claims he is disabled and was discriminated against by Defendant when he attempted to but was deterred from gaining equal access and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at a property owned by Defendant because there exists at the property unlawful architectual barriers, dangerous conditions, and ADA violations that limited Plaintiff's access to the Subject Property. Because of his pending Motion to Dismiss for lack of jurisdiction, Defendant has not filed a formal answer in this case. The Motion to Dismiss sets out how Defendant would deny these allegations should it become necessary.

2. **Are there any outstanding jurisdictional issues?**

   Yes, Defendant contends that Plaintiff and his attorney have engineered and are engaged in entrepreneurial litigation under the AMERICANS WITH DISABILITIES ACT

for the purpose of acquiring attorneys' fees. Plaintiff has failed to demonstrate that he has suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical and thus lacks standing. Defendant has filed a Motion to Dismiss. The parties have joined issue on this motion.

3. **Are there any unserved parties?**

   No.

4. **Are there agreements or stipulations that can be made about any facts in this case or any element in the cause of action?**

   No.

5. **Are there any legal issues in this case that can be narrowed by agreement or motion?**

   No.

6. **Are there any issues about preservation of discoverable information?**

   No.

7. **Are there any issues about disclosure or discovery of electronically stored information ("ESI")? In what forms should ESI be produced and will production include metadata?**

   No.

8. **What are the subjects on which discovery may be needed?**

   Discovery will need to be conducted on all issues raised and allegations made by Plaintiff in the case and of expert witnesses.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

   No. Plaintiff proposes to exchange the initial disclosures within 14 days of the IPC. Defendant requests that initial disclosures, if any, be abated pending resolution of the jurisdictional issues.

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

    No discovery has been completed. Discovery need not be conducted in phases. The parties do not anticipate the need for any limitations on discovery.

11. **Have the parties discussed early mediation?**

    Yes.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

    No.

13. **Have the parties considered seeking entry of a confidentiality and protective order?**

    No.

14. **What, if any, discovery disputes exist that require the Court's attention at the time of the IPC?**

    No discovery disputes exist at this time.

DATED: February 6, 2023

>Respectfully submitted,
>
>Geoffrey N. Courtney
>State Bar No. 00790514
>ATTORNEY AT LAW
>111 Soledad St., Suite 540
>San Antonio, Texas   78205-1531
>(210) 227-7121 - Telephone
>(210) 227.0732 - Facsimile
>GNCourtney@GNCourtney.com
>
>_____
>GEOFFREY N. COURTNEY

*/s/ James C. Harrington*

James C. Harrington
Texas Bar No. 09048500
5304 Halmark Drive
Austin, TX 78723
(512) 771-1759 - Telephone
jim.harrington.austin@gmail.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 6th day of February 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Duncan Strickland
Counsel for Plaintiff
State Bar No.: 24072374
13423 Blanco Road, #936
San Antonio, TX 78216
Telephone: (210) 504-7874
Facsimile: (832) 218-4317
E-mail: Duncan@StricklandLawFirm.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    NONE.

    /s/ Geoffrey N. Courtney
    GEOFFREY N. COURTNEY