UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOSEPH CASTILLO,**

  *Plaintiff*,

v.                                          Case No.  SA-22-CV-00777-JKP

**CHO OK SANG,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ok Sang Cho's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 12. Plaintiff Joseph Castillo filed a Response and Cho filed a Reply to the Response. ECF Nos. 13, 15. The parties also filed multiple advisories notifying the Court of other courts' rulings on similar motions. ECF Nos. 14, 16, 17, 22, 23. Upon review of the parties' pleadings and briefings, the Court **DENIES** Cho's Motion to Dismiss without prejudice. The Court further **ORDERS** Castillo to amend his complaint and show cause why this matter should not be dismissed for lack of jurisdiction.

## BACKGROUND

Plaintiff Joseph A. Castillo, who uses a wheelchair, brings this lawsuit alleging he was denied access to a "strip mall" allegedly owned by Defendant Ok Sang Cho at 2512 Nacogdoches Road in San Antonio, TX. ECF No. 9 at 2. Castillo identifies the "subject property" by Bexar County property identification number 496330. *Id*. at 3. He seeks declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *Id.* at 1. Castillo alleges he lives within thirty miles of the subject property and

travels in the area along Nacogdoches Road "numerous times every month, if not every week." *Id*. at 3. While on such trips he says he "routinely stops to patronize various gas stations, convenience stores, and retail stores along his route of travel." *Id*. He further alleges he has patronized or attempted to patronize the subject property on "multiple prior occasions" and intends to revisit it "within six months" of filing his complaint. *Id*. at 4.

Defendant Cho challenges Castillo's standing to bring this lawsuit, arguing Castillo is a self-styled "ADA tester" involved in "60 plus cookie-cutter lawsuits" aimed at obtaining settlement money from small businesses. ECF No. 12 at 1-3. Cho says Castillo's amended complaint in this case amounts to nothing more than "a collection of bare boilerplate assertions" that Cho has failed to comply with ADA guidelines. *Id*. at 5. As such, Cho argues Castillo is exactly the type of "uninjured plaintiff" who sues "seeking to ensure a defendant's 'compliance with regulatory law'" who the Supreme Court has said lacks standing. *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2206 (2021). The question before this Court, therefore, is whether Castillo alleges sufficient facts to establish he was personally injured by Cho's alleged ADA violations.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.2d 158, 161 (5th Cir. 2001).

The jurisdiction of federal courts is circumscribed by the limits set forth in Article III of the Constitution. *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Article III legitimizes the use of judicial power "to declare the rights of individuals and to measure the authority of governments" in the resolution of "cases" and "controversies." *Id*. For that reason, a federal court must dismiss a case for lack of subject matter jurisdiction if the court lacks "the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss.*, 143 F.3d at 1010 (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)). A court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Fifth Circuit has long held that, under Federal Rule 12(h)(3), the federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

To establish Article III standing, a plaintiff must establish three things: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury will be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury in fact must be "particularized" and "concrete." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). "Particularized" injuries "affect the plaintiff in a personal and individual way." *Id*. (internal quotation marks omitted). Concrete injuries are "physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 141 S.Ct. at 2206; see also *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 63–64 (2d Cir. 2021).

## DISCUSSION

As an initial matter, to the extent that Cho argues ADA testers like Castillo categorically lack standing, that argument is unconvincing. As Judge Xavier Rodriguez notes in a similar case, "a plaintiff's status as a 'tester' is not disqualifying, it is *immaterial*. Testers must establish a plausible, concrete injury under the ADA independent of their status as testers." *Castillo v. Hank Sully LLC*, SA-22-CV-00472-XR, 2023 WL 1999889 (W.D. Tex. Feb. 13, 2023). That being said, Castillo's amended complaint does appear to suffer from the type of "boilerplate" generality that is insufficient to establish standing in this particular case. For instance, he alleges he routinely patronizes businesses along the Nacogdoches Road corridor, without citing to any specific business that is the subject of this lawsuit.

Even more concerning, Castillo's amended complaint demonstrates confusion about which business, in particular, he is suing. He alleges ADA violations at a "strip mall" located at 2512 Nacogdoches Road. He then identifies the subject property has having Bexar County property identification number 496330. A search of the Bexar County property records, however, reveals that property identification number 496330 is associated with the Thai restaurant Bangkok 54 at 2515 Nacogdoches Road, not the strip mall across the street at 2512 Nacogdoches Road. Castillo's confusion over whether he is suing a Thai restaurant or strip mall calls into question whether the injury he is alleging is concrete and particularized.

The Court, therefore, grants Castillo leave to amend his complaint, to clarify which business, in particular, he is suing and show cause why this case should not be dismissed for lack of subject matter jurisdiction for want of Article III standing. Failure to do so will result in the Court's dismissal of the case.

## CONCLUSION

For the reasons discussed, the Court grants Castillo the opportunity to amend his complaint and show cause why this case should not be dismissed for lack of jurisdiction. In the meantime, Cho's motion to dismiss is denied without prejudice to refiling after Castillo amends his complaint, should he choose to do so.

**IT IS THEREFORE ORDERED** that Cho's Motion to Dismiss is **DENIED** without prejudice. ECF No. 12.

**IT IS FURTHER ORDERED** that, on or before **March 27, 2023**, Castillo shall amend his complaint and show cause why this matter should not be dismissed for lack subject matter jurisdiction.

It is so ORDERED.
SIGNED this 20th day of March, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE